UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

K. B.,

    Plaintiff,

v.                                            Case No: 8:19-cv-494-T-27SPF

CITY OF VENICE, FLORIDA and
KAREN RUSHING,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant City of Venice's Motion to Dismiss (Dkt. 12), Defendant Karen Rushing's Motion to Dismiss (Dkt. 14)[1], and Plaintiff's oppositions (Dkts. 13, 15). Upon consideration, the Motions (Dkts. 12, 14) are **GRANTED in part**.

### Factual Background

In August 2017, Plaintiff K.B., then a minor under 18 years of age, was battered and sexually abused by an adult male in Venice, Sarasota County, Florida. (Dkt. 9, Am. Compl., at ¶ 4). She filed a complaint with the City of Venice Police Department detailing the assault and providing the police with her name, date of birth, address, and other personal identifying information. (Id. at ¶ 6). With this information, the City of Venice, "acting by and through its police department," investigated and arrested the adult male that K.B. alleged committed the assault. (Id. at ¶ 7).

Following the arrest, the City of Venice Police Department provided the Clerk of the Circuit Court of Sarasota County, Karen E. Rushing, with a copy of the police officer's Probable

---

[1] Although Defendant Rushing's motion includes argument on behalf of Defendant Sarasota County, Florida, the claims against Sarasota County were dismissed on June 21, 2019. *See* (Dkt. 17).

Cause Affidavit. (Id. at ¶ 8). In this document, K.B.'s name, age, residence, and related personal information were unredacted. (Id.). And upon receiving the affidavit, Rushing published the document on the Clerk's public website in unredacted form. (Id. at ¶ 10). As a result, K.B. claims that she "was damaged and subject to humiliation and shame and mental distress when her name was published for viewing by the general public in connection with the [assault] . . . ." (Id. at ¶ 13).

## Procedural Background

This action commenced when K.B. filed her civil complaint in the Circuit Court of the Twelfth Judicial Circuit, asserting two counts against Defendants City of Venice, Florida ("the City"), Karen E. Rushing, in her capacity as Clerk of the Circuit Court of Sarasota County, Florida, and Sarasota County, Florida. (Dkt. 1-1). In her original complaint, K.B. included a claim under 42 U.S.C. § 1983, alleging that the Defendants unlawfully failed to redact her identity and other personal identifiable information from the probable cause affidavit prior to its publication "in violation of the privacy protections afforded to child victims under 18 U.S.C. § 3509(d)." (Id. at ¶ 26). Defendants Karen E. Rushing and Sarasota County, Florida removed the action based on federal question jurisdiction, 28 U.S.C. § 1331. (Dkt. 1).

In response to K.B.'s complaint, the City filed its Motion for a More Definite Statement. (Dkt. 5). In the Order granting the motion, it was noted that although K.B. "'asserts a cause of action for the statutory tort, under 42 U.S.C. § 1983' for violations of [K.B.'s] civil right of privacy, . . . it is unclear whether she is asserting a substantive or procedural due process violation, or some other constitutional violation." (Dkt. 8 at 2) (citing (Dkt. 7 at 6)). K.B. was granted leave to amend

(Id. at 3), and subsequently amended her complaint, which now asserts six counts against the same three Defendants.[2] *See* (Dkt. 9).

In Count I, K.B. brings a claim against the City "under and pursuant to 42 U.S.C. § 1983, for damages suffered by plaintiff caused by the City's deprivation, under the color of state law, of substantive rights and privileges secured to plaintiff by the laws of the United States of America." (Id. at ¶ 1). Like the § 1983 claim she asserted in her original complaint, K.B.'s § 1983 claim in Count I of her Amended Complaint is based on the allegation that she "had a substantive right of privacy with regard to her identity and other personal information under and pursuant to 18 U.S.C. § 3509(d), and defendant City had a corresponding duty to protect [her] privacy in that regard." (Id. at ¶ 11).

In Count II, K.B. brings a state law negligence claim against the City, alleging that it breached its duty of confidentiality owed to her under 18 U.S.C. § 3509(d). (Id. at ¶¶ 17, 20-32). Specifically, she alleges that "[p]ursuant to 18 U.S.C. § 3509(d), defendant City had a duty to plaintiff to maintain confidentiality with regard to plaintiff's identity and other personal information when said defendant prepared the Probable Cause Affidavit and delivered it to the Clerk of the Circuit [C]ourt for publication." (Id. at ¶ 28).

In Count III, K.B. brings an additional state law negligence claim against the City, alleging that "[p]ursuant to Florida Statutes, Sec. 794.024, defendant City had a duty to plaintiff to maintain confidentiality with regard to plaintiff's identity and other personal information when said defendant prepared the Probable Cause Affidavit and delivered it to the Clerk of the Circuit [C]ourt for publication." (Id. at ¶¶ 33, 44).

---

[2] Although K.B.'s Amended Complaint brings claims against the same three Defendants, K.B. includes an additional count against Karen E. Rushing "individually." (Dkt. 9 at 10).

In Count IV, K.B. re-alleges a § 1983 claim against Rushing, individually and in her capacity as Clerk of the Circuit Court of Sarasota County, Florida. (Id. at ¶ 49). Specifically, K.B. alleges that "defendant Clerk, acting under color of state law, deprived plaintiff of her substantive right of privacy of her identity and personal information, which right of privacy is secured to plaintiff under 18 U.S.C. § 3509(d)." (Id. at ¶ 60).

And in Counts V and VI, K.B. re-asserts her negligence claim against Rushing, alleging that [she] violated the duty to maintain confidentiality afforded to K.B. under 18 U.S.C. § 3509(d), (Count V), and Fla. Stat. § 794.024, (Count VI). (Id. at ¶¶ 66-99).

As outlined below, however, 18 U.S.C. § 3509(d) is not a valid basis for K.B.'s § 1983 claims, or her state law negligence claims, because neither Defendant could have violated the statute. Counts I, II, IV, and V are therefore due to be dismissed.

**Standard**

A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the relevant question is whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations, not whether the plaintiff will ultimately prevail. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

A complaint must be dismissed pursuant to Rule 12(b)(6) if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a claim is plausible. *Iqbal*, 556 U.S. at 678. For the purposes of a motion to dismiss, all of the factual allegations contained in the complaint must be accepted as true. *Id.* But this tenet is "inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

**Discussion**

Title 18 U.S.C. § 3509, titled "Child victims' and child witnesses' rights," sets forth the manner in which child victims and their personal information is protected in connection with federal criminal proceedings involving abuse. *See United States v. Schopp*, 938 F.3d 1053, 1061 (9th Cir. 2019) ("18 U.S.C. § 3509 . . . sets forth court procedures for child victims"); *Freeman v. Allentown School District*, Case No. 19-cv-4336, 2019 WL 4805224, at *3 (E.D. Pa. Oct. 1, 2019) ("18 U.S.C. § 3509 . . . sets forth the rights of child victims and child witnesses in federal criminal matters.").

Section 3509 appears in Part II of the Federal Rules and Criminal Code, titled "Criminal Procedure," specifically in Chapter 223 of Part II, titled "Witnesses and Evidence." And it explicitly falls within the scope of Rule 1 of the Federal Rules of Criminal Procedure, *see* 18 U.S.C. § 3001, which states, "These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United

States." Fed. R. Crim. P. 1(a)(1).[3] Rule 1 provides "[w]hen a rule so states, it applies to a proceeding before a state or local judicial officer." Fed. R. Crim. P. 1(a)(2).

K.B. relies on section (d) of § 3509, titled "Privacy protection," as the basis for her § 1983 claims (Counts I and IV), and as the statutorily imposed duty for her state law negligence claims (Counts II and V).[4] *See* (Dkt. 9). Defendants challenge K.B.'s reliance on § 3509 in Counts I, II, IV and V, and move to dismiss the Amended Complaint for failing to state a claim for which relief can be granted. *See* (Dkt. 12 at 2; Dkt. 14 at 6). Specifically, Defendants argue that § 3509(d), is inapplicable, does not explicitly impose a duty on them, fails to include any "reference to the 'substantive right of privacy' [K.B.] claims," and is devoid of any language which "creates a direct civil cause of action for its breach."[5] (Dkt. 12 at 5; Dkt. 14 at 2).

---

[3] *See also Dohm v. City of Rockford, III*, 679 F. Supp. 740, 741 (N.D. Ill. Sept. 22, 1986) ("By their own terms, the Federal Rules of Criminal Procedure apply only to criminal proceedings in federal courts . . . .").

[4] Section 3509(d) provides:
Privacy protection.--
(1) Confidentiality of information.--(A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--
(i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and
(ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.
(B) Subparagraph (A) applies to--
(i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;
(ii) employees of the court;
(iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and
(iv) members of the jury.

[5] Moreover, the City contends that Count I fails because it does not include "any reference to a Constitutional right or amendment." (Dkt. 12). This contention, however, is without merit as 42 U.S.C. § 1983 authorizes actions against state actors for "violations of federal statutory as well as constitutional law." *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980).

*i. Counts I and IV – 42 U.S.C. § 1983 Claims Based on 18 U.S.C. § 3509(d)*

To allege a § 1983 claim, K.B. must, at a minimum, allege that: (1) she suffered a deprivation of rights, privileges or immunities secured by the Constitution and/or laws of the United States and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See Bowles v. Desantis*, 934 F.3d 1230, 1239 (11th Cir. 2019). "Since § 1983 confers no substantive rights, a plaintiff seeking relief under the statute must bring a § 1983 claim in conjunction with some other statute or constitutional provision that provides substantive rights." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). A § 1983 claim, however, may only be instituted by plaintiffs asserting a "violation of a federal right, not merely a violation of federal law." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). Important here, "a plaintiff must point to a violation of a specific federal right." *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) (citation omitted).

As the Eleventh Circuit instructs, "[t]he first thing [to] do in determining whether a statute confers a federal right enforceable under § 1983 is 'identify exactly what rights, considered in their most concrete, specific form, [plaintiff] [is] asserting.'" *Bowles*, 934 F.3d at 1239 (quoting *Burban v. City of Neptune Beach*, 920 F.3d 1274, 1278 (11th Cir. 2019) (internal quotation marks and citation omitted)). K.B. contends that the right she asserts is under § 3509(d) to have her personal information protected. The question, therefore, is whether § 3509(d) confers a federal right to privacy that, if violated, can form the basis of K.B.'s § 1983 claim.

That question is resolved by "look[ing] at the text and structure of the statute in order to determine if it unambiguously provides that specific right." *Id.* (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1270 (11th Cir. 2003) (internal quotation marks omitted)). The Supreme

Court formulated the following test to determine whether a plaintiff's claims involved violations of federal rights as opposed to violations of federal law:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory terms.

*Blessing*, 520 U.S. at 340-41 (citations omitted). If each of these factors is met, a right is presumptively enforceable under § 1983. *Id.* at 341. Conversely, if any factor fails, the provision "does not provide a person with a federal right enforceable under § 1983." *Burban*, 920 F.3d at 1279.

Considering the text and structure of § 3509(d), there is no indication that Congress intended for the statute to benefit minors in state court proceedings, or that it "unambiguously impose[s] a binding obligation on the States." *Id.* First, as discussed, the scope of § 3509 is defined by Rule 1 of the Federal Rules of Criminal Procedure, which limits the statute's applicability to criminal proceedings in federal court.[6] Second, the statute explicitly applies to "all employees of the Government connected with the case," "employees of the court," "the defendant and employees of the defendant," and "members of the jury." 18 U.S.C. § 3509(d)(1)(B). Notably absent from the statute and Rule 1 is the application of the statute to the States. *Cf.* Fed. R. Crim. P. 1(a)(2). And as the Eleventh Circuit has stated, "[a]mbiguity precludes enforceable rights." *Martes v. Chief Exec. Officer of S. Broward Hosp. Dist.*, 683 F.3d 1323, 1326 (11th Cir. 2012) (quoting *31 Foster Children*, 329 F.3d at 1270). Further, the Eleventh Circuit has denied § 1983 claims based on alleged violations of the statutes in Title 18, finding those statutes irrelevant as they "govern

---

[6] *See* Fed. R. Crim. P. 1(a)(1); s*ee also Freeman*, 2019 WL 4805224, at *3 ("18 U.S.C. § 3509 . . . sets forth the rights of child victims and child witnesses in federal criminal matters").

criminal procedure in the federal court system for federal crimes . . . ." *See Clancy v. Fla. Dep't of Corr.*, 782 F. App'x 779, 781 (11th Cir. 2019).

Accordingly, K.B. did not suffer a deprivation of a federal right under 18 U.S.C. § 3509(d). *See id.* ("Section 1983 provides a right of action for a violation of a federal statute only when the statute unambiguously grants an individual right."). And, because § 3509(d) does not apply to the states, she could not have suffered a violation of federal law. Her § 1983 claims alleged in Counts I and IV are therefore dismissed.[7]

### ii. Counts II and V – Negligence Claims Based on 18 U.S.C. § 3509(d)

To prevail on her claims for negligence, K.B. must prove that Defendants owed a duty of care, breached that duty, caused the harm she suffered, and that she suffered damages. *Schwartz v. Wal-Mart Stores, Inc.*, 155 So. 3d 471, 473 (Fla. 5th DCA 2015). "The existence of a duty of care is generally a question of law to be determined by the court, while breach, causation, and damages are generally questions to be decided by the trier of fact." *Id.* (citing *Jackson Hewitt, Inc. v. Kaman*, 100 So. 3d 19, 28 (Fla. 2d DCA 2011)).

Florida recognizes that a duty of care may arise from four sources: (1) regulations or statutes; (2) judicial interpretations of such legislation; (3) other judicial authority; and (4) specific factual scenarios. *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227-28 (Fla. 2010). As

---

[7] To the extent K.B. contends that conflict preemption applies, that contention is without merit. *See* (Dkt. 13 at 5-6). Conflict preemption arises "where it is impossible for a private party to comply with both state and federal requirements or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 486 (11th Cir. 2015) (citation omitted). Notably absent from K.B.'s response, however, is any argument that Florida law "stands as an obstacle" or makes it "impossible" to comply with § 3509.

Moreover, the case on which K.B. relies, *Gonzaga University et. al. v. Doe*, 536 U.S. 273 (2002), clarified and provided guidance in addressing the first factor of the *Blessing* test, whether "Congress . . . intended that the provision in question benefit the plaintiff." *Blessing*, 520 U.S. at 340-41; *see Arrington v. Helms*, 438 F.3d 1336, 1343 (11th Cir. 2006) (discussing that *Gonzaga* "clarified the first of *Blessing's* three requirements, making clear that only unambiguously conferred rights, as distinguished from mere benefits or interests, are enforceable under § 1983").

discussed, K.B. alleges in Counts II and V that § 3509(d) imposes a duty to maintain confidentiality of her personally identifiable information. *See* (Dkt. 9 at ¶¶ 28, 78). Her allegations, however, fail to support her negligence claims. Since § 3509(d) is not applicable to a proceeding governed by state law, it cannot be used as a basis for her state law negligence claims. *See* Fed. R. Crim. P. 1(a)(1), (2); *Freeman*, 2019 WL 4805224, at *3. Specifically, § 3509(d) cannot and does not impose a statutory duty on a state actor outside federal criminal proceedings. *See* 18 U.S.C. § 3509(d)(1)(B). Counts II and VI are therefore dismissed.

**Supplemental Jurisdiction**

Defendants removed this action based on the inclusion of a federal question in the Amended Complaint. Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Since Plaintiff's claims involving federal questions are due to be dismissed, and the remaining claims arise under state law, the Court declines to exercise supplemental jurisdiction over these claims (Counts III and VI).

The Eleventh Circuit has held that "if [all] federal claims are dismissed prior to trial, [*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)] strongly encourages or even requires dismissal of state claims." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (quoting *LA. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

"The Supreme Court has instructed the federal courts deciding whether to exercise supplemental jurisdiction over a state law claim—after all the federal claims in the case have been dismissed—to consider these four factors: comity, convenience, fairness, and judicial economy." *Estate of Owens*, 660 F. App'x at 775 (citing *Gibbs*, 383 U.S. at 726). All four factors weigh in favor of remand. Comity weighs in favor of remand because the federal issues were disposed of

prior to trial, and state law issues predominate. *See L.A. Draper & Son*, 735 F.2d at 428. And it would not be inconvenient or unfair for the parties to proceed in state court. The action was originally filed in state court, has been pending for less than two years, does not present any extraordinary or peculiar circumstances that warrant keeping it in federal court, and the parties, lawyers, and witnesses are local. Nor can it be said that the parties would be required to expend substantial additional resources to reproduce their arguments in state court. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 539 (11th Cir. 2015) ("Both parties are free to use evidence obtained during discovery to pursue their state-law claims in a proper forum."). Because supplemental jurisdiction will not be exercised over Counts III and VI of the Amended Complaint, this action will be remanded.

### Conclusion

Accordingly,

1. Defendant City of Venice's Motion to Dismiss (Dkt. 12) is **GRANTED in part**.

2. Defendant Karen Rushing's Motion to Dismiss (Dkt. 14) is **GRANTED in part**.

3. This action is **REMANDED** to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida.

4. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 23rd day of December, 2019.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record